UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: | : Case No.  14-11503 (BLS) |
| | : Chapter 13 |
| BRIAN J. WELSH, | : |
| Debtor, | |

| | |
|---|---|
| | : |
| BRIAN J. WELSH, | : **COMPLAINT FOR VIOLATIONS OF** |
| Plaintiff,. | : **THE AUTOMATIC STAY** |
| | : |
| v. | : Adv. Proc. No. 15- |
| BANK OF AMERICA, N.A. AND LSF9 MASTER | |
| PARTICIPATION TRUST (TRANSFEREE); | Referenced Adv. Pro. No. 14-50944 BLS |
| ATLANTIC LAW GROUP LLC | |
| Defendants.. | |

<u>**COMPLAINT FOR VIOLATIONS UNDER TITLE 11 USC SECTION 362**</u>

<u>**WITH RELIEF REQUESTED FOR DAMAGES AND ATTORNEY FEES**</u>

COMES NOW, Brian J. Welsh, ("Debtor") by and through his attorney, Erin K.

Brignola, Esquire, to hereby move this Honorable Court for the entry of a Rule to Show Cause

Order for violations of title 11 USC section 362 ("Automatic Stay") and sanctions against

Atlantic Law Group, LLC in conjunction therewith and Debtor complains as follows:

<u>**JURISDICTION AND VENUE**</u>

1.   This Court has jurisdiction over this matter under Chapter 13 of Title 11 of the United

States Code (the "Bankruptcy Code"), pursuant to 28 U.S.C. §§ 157, and 1334, and Rule 4001 of

the Bankruptcy Rules.

2.   Venue is proper pursuant to 28 U.S.C. § 1408 and 1409(a) as this adversary proceeding

arises under and in connection with a case under Title 11 of the United States Code which is

pending in this District.  The main case is Debtor's Bankruptcy case as identified as 14-11503 (BLS) in the United States Bankruptcy Court for the District of Delaware.

The associated case is adversary case number 14-50944 (BLS), initiated by the above named defendants, to determine the validity, priority, or extent of its "alleged' lien. Debtor-Defendant in that case filed a notice of completion of briefing on his Motion to Dismiss this adversary complaint on May 14, 2015. The matter is pending.

3.   This is a core proceeding.

## PARTIES

4.   Plaintiff Brian J. Welsh, is an adult individual who became the Debtor on June 18, 2014, ("Petition Date") as he filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code.

5.   Defendant is Bank of America, N. A. ("Bank of America") as alleged successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loan Servicing, LP who transferred to LSF9 Master Participation Trust ("MPT") and is a corporation who conducts business in Delaware.

6.   The Chapter 13 Trustee, Michael B. Joseph (the "Trustee") was appointed.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

7.   Debtor resides at 1908 Gheen Road, Wilmington, DE 19808 (the "Residential Property") which he purchased on April 19, 2007.

8.   Defendant, Bank of America, by and through their attorneys, additional named defendants, Atlantic Law Group, LLC filed an adversary complaint against Debtor to determine the validity, priority or extent of Bank of America's lien (14-50944 (BLS)) on October 31, 2014.

9.   Defendants, asserted in that adversary complaint that the Debtor executed a mortgage in the amount of $205,000 on or about April 19, 2007 which was a first mortgage ("First Mortgage") on his Gheen Road home and was officially recorded in Delaware on April 25, 2007.

10.   Subsequently on April 19, 2012, Defendant Bank of America recorded the First Mortgage Satisfaction piece ("Satisfaction")in the Office of the New Castle County Recorder of Deeds, DE which removed this lien from this parcel of real property clearing any notice to the public at large, or to any person or entity searching the title records as to any continued lienholder status.

11.   Debtor and Defendants, Bank of America by and through their counsel, the Atlantic Law Group, LLC, fully briefed the Debtor's Motion to Dismiss the adversary complaint on May 14, 2015.

12.   The first Notice of Appearance by Bank of America, through Atlantic Law Group, LLC local office was on July 8, 2014, which was 20 days after the petition for relief was filed. These same defendants filed an objection to the Debtor's plan on August 15, 2014. The Debtor filed and docketed a response thereto.

13.   The Debtor, filed an objection to the Defendant's proof of claim (No. 9 ) on November 6, 2014 for which the Defendant, Bank of America, through their local counsel, Defendant, Atlantic Law Group, LLC filed a response on November 20, 2014. Proof of Claim 9 was filed on behalf of Bank of America by Atlantic Law Group, LLC.

14.    On March 2, 2015, Bank of America, through attorneys, Atlantic Law Group, LLC filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges asserting an attorney fee charge notice to pass the charges on to Debtor for the Bank's objection to the plan dated 9/2/2014 for $400.00 and for the Bank's proof of claim for $200.00 on 11/10/2014.  These

3

charges were filed and posted after the adversary case had been filed by Bank of America, by

Atlantic Law Group, LLC in October 2014 wherein they admitted that there was no existing lien

of record on Debtor's Gheen Road home.

      15.    On May 12, 2015, A second Notice of Appearance was filed by Bank of America

by Janet Charlton, Esquire. This was not a substitution of counsel filing. In fact, The Atlantic

Law Group, LLC  attorney was attending all confirmation hearings every month since the

debtor's petition had been filed, continuing to assert the Bank of America claim as a secured

First Mortgage and agreeing on the record that the matter would have to be continued until the

adversary matter was heard and determined.

      16.    On August 24, 2015,  undersigned counsel for the Debtor sent an email notice to

both of the attorneys that filed their appearances for Bank of America. This email was to register

a complaint that Caliber Home Loans, Inc. had been directly communicating with the Debtor

regarding this alleged First Mortgage claim and had been demanding the placement of expensive

forced placed insurance. Upon Debtor's receipt of his "Second and Final Notice" he felt

pressured to contact his insurance carrier for which he directly pays his homeowners coverage

expense, and had the agent alter the policy such that Caliber Home Loans, Inc. was the named

party as the mortgage holder in first position. (Attached as Exhibit A is the email message). It is

with this email message, that debtor's counsel alerted both attorneys of record that no

substitution had occurred, that technically Bank of America had two law firms representing this

company and that nothing on the record supported any direct agreement for direct

communication with this Debtor, nor did anything on the record assert that Caliber Home Loans,

Inc. was in any way associated with Bank of America.

17.     On September 1, 2015,  Janet Charlton, on behalf of Bank of America filed a transfer/ assignment of claim to defendant MPT. The attachment to this transfer show that Defendant Bank of America, by Defendant law firm Atlantic Law Group, LLC (from the Virginia Office) had prepared, executed and recorded in the New Castle County records office an Assignment of a Mortgage/ Deed of Trust for the original 2007 mortgage which was not only satisfied by this company in April 2012, but has been the subject of State Court litigation and months of Bankruptcy Court litigation as expressed herein and on the dockets of the main case and the adversary case initiated by Bank of America. This record Notice of Lien (IEN on document) was recorded on July 21, 2015.  (Attached as Exhibit B is the Notice of Lien Transfer and proof of recordation).

18.     No permission was given at any time, by the Debtor to contact him directly regarding any alleged First Mortgage. No permission was ever requested, nor given by this Honorable Court to Record any lien against Debtor's Gheen Road property, his home, since this petition was filed and continued litigation was being conducted.

19.     The first communication from Bank of America in June 2014 to ignore the Federal Bankruptcy proceedings was communicated to Debtor's counsel by the State Court attorney. The Motion in State Court was not "affected"' by the petition for relief as it was merely a corrective measure. According to the Bank of America adversary complaint, Debtor was served with this  DE Superior Court action on May 19, 2014 which is within 90 days of his Bankruptcy Petition filing under Chapter 13. The actual Superior Court documents as filed, have Bank of America admitting that they have searched the real property records and have found only the surviving Wells Fargo mortgage referenced below.

20.    Since April 19, 2012, any potential purchaser of this real property, would have notice of one mortgage dated May 3, 2007, recorded May 9, 2007 as instrument number 20070509-0041938, between the parties: Mortgage Electronic Registration Services, Inc ("MERS") (C & F Mortgage Corp) and Brian J. Welsh, married. This mortgage was assigned from MERS to Wells Fargo Bank, N.A. ("Wells Fargo") by instrument number 20131105-0069887 recorded November 5, 2013 in the DE New Castle County Recorder of Deeds office. This surviving Wells Fargo mortgage is not the First Mortgage asserted by Bank of America.

21.    Wells Fargo, identified as the only secured creditor with a purchase- money lien on Debtor's Residential Property, has confirmed the facts set forth herein by its proof of claim filing, in the Debtor's main case, identified as claim number 7.

## STATEMENT OF CLAIMS

22.    Debtor-Plaintiff re-alleges and incorporates by reference the foregoing paragraphs numbered 1-21.

23.    Defendants have committed numerous violations of the Automatic Stay. provisions of the Bankruptcy Code.  The Defendant Bank of America, by and through Defendant Atlantic Law Group, LLC have asserted litigation in this Court by filing a proof of claim, an objection to the plan and an adversary case to litigate the extent of their lien or its non-existence as the Debtor asserts.

24.    While fully immersed in this litigation, the Bank hires two different law firms, working at the same time without knowledge of the other, and charging the Debtor with this litigation cost.

25.    Further Bank of America continues to assert and records a Notice claim in the State Court records which creates a cloud against Debtor's title,

without waiting for the Honorable Court to review and determine their lien status as they requested.

26.    Bank of America in recording this transfer without any permission to do so and without claim to do so as asserted in Debtor's earlier pleadings, ignored the Bankruptcy Code, Rules and authority and chose to communicate directly with the Debtor. Not only did this direct communication with Debtor cause anguish and harassment, but their actions forced Debtor to litigate fiercely within the Court process while Bank of America took whatever action that they wanted to take without any permission or regard for the Court process and authority.

27.    This creditor asks this Honorable Court to fix their "record satisfaction mistake", claiming no prejudice to any but themselves if the relief is not granted, and then the Defendant creditor has the nerve to do whatever they want to do anyway, while the litigation is pending and under advisement.

28.    The Debtor HEREIN respectfully requests that damages be awarded to the Debtor for the culmination of all actions by these Defendants, in the form of an award of attorney fees for all litigation issues arising from this claim in the State court until the last *void* recordation. Debtor would respectfully request that the adversary case imitated by the Defendant be dismissed with prejudice, that the proof of claim number 9 be stricken, that  the objection to Debtor's plan be over-ruled, and that Damages be awarded punitively for the blatant disregard for this Honorable Court process.  Further sanctions should issue for the disregard and non-attentiveness to this file in all stages of this case and the State Court case since 2012. With two law firms employed to act for this creditor and one of the firms preparing and recording the action void mortgage lien notice, the Debtor certainly should not bear the burden of all his attorney fees and costs, and his anguish should be addressed by some form of compensation.

This creditor should not be rewarded for their continued lack of attention and bad behavior. Counsel should have also taken the time to stop this creditor from continuing bad behavior while the litigation is in full swing. Debtor would request this Honorable Court to grant any other relief that the Court considers just and proper.

## CONCLUSION

From April 2012 to June 2014, when the Bankruptcy petition was filed, Defendant had no lien on this Residential Property and a *Bona Fide* Purchaser would have no notice of a Bank of America "lienhold Interest" as alleged. There was no recorded mortgage for Bank Of America as outstanding since this satisfaction on April 19, 2012. Thus the recording of a lien reviving a mortgage from 2007 that was subsequently satisfied in July 2015, without notice to any party, attorney or this court until September as a simple transfer of a claim, that has not been ruled as a valid claim, cannot stand and should not be reviewed as a simple mistake yet again.

WHEREFORE, Debtor asserts that damages as requested above in this complaint be granted against these Defendants with prejudice. Debtor asserts that the fundamental goal of the Bankruptcy Code is to provide a fresh start and Defendants' position throughout this litigation would unnecessarily burden the Debtor's fresh start as well as cost him financially. The burden should be borne by the Party making their own rules no matter what the Court concludes. To that end, Debtor would request that his prayers for relief be granted.

Respectfully Submitted,

**COOPER LEVENSON, P.A.**

By:      *s/ Erin K. Brignola*
Erin K. Brignola, Esquire (DE 2723)
30 Fox Hunt Drive
Bear, DE 19701
(302) 838-2600
*Debtor's Counsel*

8